By the Court.
 

 The ultimate issue in these cases is whether the properties in question belong to Robert W. Halliday, subject to his father’s rights under the statute, or to the corporations; in other words, whether or not the real estate standing in the name of the corporations is to be treated as real or personal property.
 

 
 *612
 
 The Court of Appeals found that the real estate was to be considered and treated as personal property, and distribution made in accordance with such finding.
 

 This controversy between Eobert W. Halliday, Peter Halliday, individually, and Peter Halliday as administrator of Janet M. Halliday’s estate, has but one basic question, and in the several cases the courts’ findings have been that the corporate assets belong and should be conveyed and delivered to the administrator and not to Eobert W. Halliday as heir at law of Janet M. Halliday.
 

 The Court of Appeals found that the question was
 
 res judicata,
 
 being between the same parties, upon the same subject-matter, and involving the same rights, asserted in somewhat different form in the various eases.
 

 We are of opinion that the contention of plaintiff in error that his case originated in the Court of Appeals is not well founded, and that his intervention by motion in the Court of Appeals in the instant case did not make his case one originating in that court. The cases of
 
 Cohen
 
 v.
 
 Goldberger,
 
 108 Ohio St., 243, 140 N. E., 514, and
 
 Bettman
 
 v.
 
 Kuerze,
 
 117 Ohio St., 225, 157 N. E., 487, are not controlling. The motion to dismiss the petition in error filed as of right is therefore sustained.
 

 Motion sustained.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.